IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL KELLAM, | : | |
| Petitioner, | : | |
| | : | No. 1:20-cv-106 |
| v. | : | |
| | : | (Judge Rambo) |
| MARK GARMAN, *et al.*, | : | |
| Respondents | : | |

**MEMORANDUM**

On January 22, 2020, *pro se* Petitioner Darnell Kellam ("Petitioner"), who is presently incarcerated at the State Correctional Institution Rockview in Bellefonte, Pennsylvania ("SCI Rockview"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner paid the requisite $5.00 filing fee on January 31, 2020. (Doc. No. 4.) The Court will review Petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, and for the following reasons, dismiss the petition without prejudice.

**I.    BACKGROUND**

On March 5, 2018, following a jury trial in the Court of Common Pleas for Lycoming County, Pennsylvania, Petitioner was found guilty of being a person not to possess a firearm, carrying a firearm without a license, and possession with intent to deliver heroin. (Doc. No. 1); *see Commonwealth v. Kellam*, No. 1149 MDA 2018, 2019 WL 3021156, at *1 (Pa. Super. Ct. July 10, 2019); *Commonwealth v. Kellam*,

Docket No. CP-41-CR-0000386-2017 (Lycoming Cty. C.C.P.).[1] On June 20, 2018, Petitioner was sentenced to an aggregate sentence of five (5) to ten (10) years' incarceration. *Kellam*, 2019 WL 3021156, at *1. Petitioner appealed, and on July 10, 2019, the Superior Court of Pennsylvania affirmed his judgment of sentence, concluding that the trial court had not erred by denying Petitioner's motion to suppress because probable cause existed to support a warrantless search of Petitioner's vehicle. *Id.* On December 9, 2019, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *Commonwealth v. Kellam*, No. 441 MAL 2019, 2019 WL 6695446, at *1 (Pa. Dec. 9, 2019).

Petitioner filed a Post Conviction Relief Act ("PCRA") petition with the Court of Common Pleas for Lycoming County on January 6, 2020. *Kellam*, Docket No. CP-41-CR-0000386-2017. The PCRA petition is still pending before that court. On January 22, 2020, Petitioner filed the instant § 2254 petition with this Court. (Doc. No. 1.) He raises the following grounds for relief:

Ground One: The state courts erred in denying his motion to suppress because probable cause did not exist to support a warrantless search of his vehicle, and counsel was ineffective in failing to present pertinent video footage to the courts; and

Ground Two: Counsel rendered ineffective assistance in violation of the Sixth Amendment.

---

[1] A district court may take judicial notice of state court records, as well as its own. *See Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

(*Id.* at 5-7.) As to both grounds for relief, Petitioner acknowledges that he has raised them in the PCRA petition currently pending before the PCRA court. (*Id.* at 6-8.)

**II.     DISCUSSION**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4, 28 U.S.C. foll. § 2254. Based upon the petition and the state court docket, the Court concludes that this petition is unexhausted.

Before seeking federal habeas corpus relief, the provision of the federal habeas corpus statute at 28 U.S.C. § 2254(b) requires a state prisoner to exhaust available state-court remedies. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts the state

3

courts on notice that a federal claim is being asserted. *See McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner must invoke "one complete round" of the applicable state's appellate review process, thereby giving the courts of that state "one full opportunity" to resolve any issues relevant to such claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion would be considered satisfied). The exhaustion doctrine is rooted in the tradition of comity, and the state must be given the "initial opportunity to pass upon and correct alleged violations of its prisoners' [constitutional] rights." *See Alston v. Diguglielmo*, No. 07-cv-2618, 2009 WL 2096214, at *2 (E.D. Pa. July 14, 2009) (quoting case omitted). The petitioner has the burden of establishing that exhaustion has been satisfied. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

It is glaringly apparent from the face of Petitioner's petition that he has not exhausted his state court remedies. As is evident from the § 2254 petition and the docket for the Court of Common Pleas for Lycoming County, Petitioner's PCRA petition is presently pending before the PCRA court and has only been pending before that court for approximately one (1) month. *See Kellam*, Docket No. CP-41-

CR-0000386-2017. Thus, this Court must allow for state proceedings to conclude before entertaining Petitioner's § 2254 petition. *See O'Sullivan*, 526 U.S. at 845.[2]

Because Petitioner's PCRA petition remains pending, the one-year statute of limitations will not bar a subsequent habeas petition. Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254 petition. For purposes of the instant petition, that period starts to run from the date the conviction becomes final, defined in § 2241(d)(1)(A) as "the date on which the judgment became final by the conclusion of a direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period is also tolled for the "time during which a properly filed application for [s]tate post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." *See id.* § 2244(d)(2).

Given the status of his state proceedings, even on the strictest calculation of the limitations period, Petitioner has an opportunity to return to federal court after exhausting his state court remedies. Accordingly, the Court will dismiss the petition without prejudice to Petitioner's right to refile the petition promptly at the end of his state court proceedings should he elect to do so. *See Myers v. Warden of SCI-Albion*,

---

[2] The Court recognizes that exhaustion may be excused if "there is an absence of available State corrective process[,] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." *See Lines*, 208 F.3d at 163. Petitioner has neither alleged nor shown any deficiency or irregularity in the state corrective process to warrant exemption from the exhaustion rule.

No. 4:08-cv-100, 2010 WL 1838178, at *5 (M.D. Pa. May 6, 2010) (dismissing habeas petition without prejudice to allow the state proceedings to conclude before entertaining the unexhausted claim in federal court).

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed without prejudice for his failure to exhaust state court remedies and a COA shall not issue. An appropriate Order follows.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: February 6, 2020